

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

———————————————

No. 07-13-0064-CV

———————————————

BENJAMIN ALLEN BENGE, APPELLANT

VS.

ROBERT N. HARRIS AND KARI L. IMLER-HARRIS, APPELLEES

On Appeal from the 69TH District Court
Sherman County, Texas
Trial Court Cause No. 5035, Honorable Ron Enns, Judge Presiding

March 19, 2013

## ORDER OF ABATEMENT AND REMAND

Before Quinn, C.J., and Campbell and Pirtle, JJ.


On May 11, 2012, Appellees, Robert N. Harris and Kari L. Imler-Harris, filed a petition to terminate the parental rights of Appellant, Benjamin Allen Benge, to his child, A.M.I-H.[1]  On October 23, 2012, the trial court signed an *Order of Termination*, and on

---

[1]To protect the child's privacy, we refer to her by her initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (WEST SUPP. 2012).

November 13, 2012, Appellant timely filed a *Notice of Appeal.*[2] The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from. TEX. R. APP. P. 25.1(b).

Appeals in parental termination cases are governed by the rules of appellate procedure for accelerated appeals. TEX. R. APP. P. 28.4(a)(1). In an accelerated appeal, the appellate record, including the reporter's record, is due within 10 days after the judgment being appealed is signed. TEX. R. APP. P. 35.1(b). Where a reporter requests an extension of time to file the reporter's record, the extension or cumulative extensions granted must not exceed 30 days, absent extraordinary circumstances. TEX. R. APP. P. 28.4(b)(2). Furthermore, the restrictions on preparation of a reporter's record found in section 13.003 of the Texas Civil Practice and Remedies Code do not apply to an appeal from a parental termination case. TEX. R. APP. P. 28.4(b)(3).

Pending before this Court is the affidavit of Shelly C. Burnett, Official Court Reporter of the 69th District Court, wherein she alleges that she is unable to file the reporter's record in the above-styled and numbered cause because Appellant has not paid or made arrangements to pay for the record. She further alleges that she filed a *Contest of Affidavit of Inability to Pay Costs* on March 5, 2013. From the clerk's record already filed we note that Appellant has filed affidavits of indigency in this proceeding on four separate occasions: August 21, 2012, January 4, 2013, January 30, 2013, and February 8, 2013. Even if Ms. Burnett's contest were to be meritorious, it would have been subject to denial as untimely. *See* TEX. R. APP. P. 20.1(e) (providing that a contest

---

[2]The deadline for filing the notice of appeal was Monday, November 12, 2012. However, that date was a legal holiday and the deadline was extended to November 13, 2012. TEX. R. APP. P. 4.1(a).

to indigence *must* be filed within 10 days after the date when the affidavit of indigency was filed in the trial court).  Unless a contest is timely filed, an affidavit of indigency shall be deemed true, and the party allowed to proceed without the advancement of costs. TEX. R. APP. P. 20.1(f).

Because the reporter's record is currently past due and any extension this Court could grant pursuant to Rule 28.4(b)(2) would have already elapsed, we abate this appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court is directed to use whatever means available to determine whether Appellant is entitled to a free reporter's record and, if so, to ensure the filing of the appellate record on or before April 2, 2013, by ordering the court reporter to immediately commence preparation of the reporter's record and, if necessary, by making arrangements for a substitute reporter.  *See* TEX. R. APP. P. 28.4(b).

Upon the filing of the reporter's record, Ms. Burnett is ordered to notify the trial court, in writing, of the filing.  Should Ms. Burnett timely file the reporter's record in accordance with the order of the court, the trial court need not take any further action other than to cause a supplemental clerk's record to be filed with the Clerk of this Court by April 9, 2013, containing the court's order and the reporter's notice.

Should the trial court find Appellant not to be entitled to a free reporter's record, then the court shall file findings of fact and conclusions of law supporting that decision on or before April 2, 2013, and cause a supplemental clerk's record to be filed with the clerk of this Court by April 9, 2013, containing those findings and conclusions.

It is so ordered.

Per Curiam